UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

FILED
OCT 18 2004
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

JEFFREY MISSO and JENNIFER ]
MISSO, ]
              ]
    Plaintiffs, ]
              ]
vs.           ]   CV-04-CO-2717-J
              ]
TIM CHANDLER, et al., ]
              ]
    Defendants. ]

MEMORANDUM OF OPINION



ENTERED
OCT 18 2004

I.  Introduction.

Presently before the Court is Plaintiffs' Motion to Remand, filed on September 22, 2004. (Doc. # 6.) The defendants have failed to file a response to Plaintiffs' Motion to Remand. Upon due consideration Plaintiffs' Motion to Remand is due to be granted.

From: US PROBATION OFFICE 205 349 3513 10/18/2004 12:13 #047 P.002

II. Facts.[1]

According to the complaint, Plaintiffs, both residents of Alabama, purchased an insurance policy from the defendants. Plaintiffs dealt with Tim Chandler ("Chandler") as agent for both Chandler Brothers Insurance Company ("Chandler Brothers") and American Modern Home Insurance Company ("American"). Both Chandler and Chandler Brothers are resident citizens of Alabama.

In their complaint, the plaintiffs assert that Chandler fraudulently misrepresented the terms of the American insurance policy he sold them. Plaintiffs further contend that Chandler, Chandler Brothers, and American acted in bad faith in their refusal to pay certain claims Plaintiffs made against the American policy and breached the agreement they had with the plaintiffs.

On September 13, 2004, American, with the consent of both Chandler and Chandler Brothers, removed the case to this Court. In its Notice of

---

[1] For the purpose of considering the pending motion, the facts are accepted as alleged in the complaint. Recitation of the facts alleged by the plaintiffs in this opinion is not to be construed as a verification that the allegations are true.

Removal (Doc. #1), American contends that there is diversity jurisdiction because Chandler and Chandler Brothers were fraudulently joined.

III. Standard.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Since American removed the action, it bears the burden of establishing subject-matter jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (stating that the defendant bears the burden of proving subject-matter jurisdiction in removed actions).

IV. Discussion.

American asserts that this Court has original jurisdiction of the case under 28 U.S.C. § 1332 based on the diversity of citizenship of the parties. 28 U.S.C. § 1332 does confer jurisdiction on federal district courts in cases between citizens of different states when the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

It is clear from the complaint and the lack of argument from the plaintiff that the jurisdictional amount is met. This Court will therefore turn to the question of diversity.

American contends that Chandler and Chandler Brothers should not be considered in determining if complete diversity exists because they were "fraudulently joined solely to defeat federal diversity jurisdiction." (Notice of Removal ¶ 8.) It is true that "[a] party fraudulently joined to defeat removal . . . is disregarded in determining diversity of citizenship." *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983). The determination of the issue of fraudulent joinder will thus determine whether the removal was proper.

Page 4 of 6

*Triggs v. John Crump Toyota, Inc.*, describes three situations where joinder will be deemed fraudulent:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir.1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker*, 709 F.2d at 1440. In *Tapscott*, 77 F.3d at 1355 (11th Cir.1996), a third situation of fraudulent joinder was identified--i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Triggs*, 154 F.3d at 1287.

Demonstrating fraudulent joinder is indeed a difficult burden for the removing party to meet. The height of the bar is raised further by the fact that "[i]n addressing the issue of fraudulent joinder, the district court should resolve all questions of fact and controlling law in favor of the plaintiff...." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

The Court has reviewed the complaint as well as the Notice of Removal and Plaintiffs' Motion to Remand. American has failed to demonstrate that

Page 5 of 6

Chandler and Chandler Brothers were fraudulently joined.

V.   Conclusion.

The Court is of the opinion that it does not have diversity jurisdiction over the claims against the defendants. As a result, the case will be remanded to the Circuit Court of Walker County, Alabama. A separate order will be entered.

Done this 18th day of October 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE